# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MARTHA J. MCNEELY,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED STATES DEPARTMENT OF LABOR ET AL.,<br><br>    Defendants. | Case No. 5:13-cv-03484-PSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Re: Docket Nos. 30, 31)** |

Plaintiff Martha J. McNeely, *pro se*, brings this action challenging the Department of Labor's decision denying her application for survivor benefits under the Energy Employees Occupational Illness Compensation Program Act.  She also seeks to reverse the DOL's decisions on her claims under the Privacy Act and Freedom of Information Act.  The parties cross-moved for summary judgment based on the administrative record and appeared for a hearing.  Having considered the papers and arguments of the parties, the court DENIES Plaintiff's motion for summary judgment and GRANTS Defendants' motion for summary judgment.

## I. BACKGROUND

Plaintiff seeks survivor benefits for her father, Harold O. McNeely, Sr., under the Energy Employees Occupational Illness Compensation Program Act. The EEOICPA compensates

1

Case No. 5:13-cv-03484-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Department of Energy workers who contract certain medical conditions[1] because of their exposure to radiation or toxic substances on the job.[2] EEOICPA also provides benefits to the workers' families if the workers pass away from the illness. Workers and their families can seek recovery under any of several "Parts" of the Act, each of which has distinct eligibility requirements.[3]

Mr. McNeely worked for the DOE for a total of six years, split between two separate periods. His first employment period ran from October 13, 1947 to January 23, 1952, and his second from August 29, 1955 to August 4, 1956.[4] Twenty-four years after he left the DOE, Mr. McNeely was diagnosed with skin cancer.[5] According to Plaintiff, at some point, he also suffered from salivary gland, esophageal, lung, thyroid, and oral cancer, as well as mesothelioma and asbestosis.[6] Nine months after his skin cancer diagnosis, Mr. McNeely died of arteriosclerosis.[7] After his death, Plaintiff filed three separate claims for survivor benefits under the EEOICPA: two under Part B and one under Part E.[8] Ultimately, the DOL denied all three of these claims.[9]

---

[1] These conditions include leukemia, lung cancer, bone cancer, renal cancers, multiple myeloma, lymphomas, thyroid cancer, breast cancer, esophageal cancer, stomach cancer, pharynx cancer, cancer of the small intestine, pancreatic cancer, cancer of the bile ducts, cancer of the gall bladder, cancer of the salivary gland, bladder cancer, brain cancer, colon cancer, ovarian cancer, liver cancer, beryllium sensitivity, chronic beryllium disease, and chronic silicosis. *See* 20 C.F.R. §§ 30.205, 30.220, 30.230, 30.5(ff).

[2] *See* 42 U.S.C. 42 U.S.C. § 7384d.

[3] *See* 42 U.S.C. §§ 7384, 7384d, 7385s, 7385s-1, 7385s-2.

[4] This work was at the Hanford site in Washington and the Pacific Proving Grounds, respectively. *See* AR at 633-648. Although the parties dispute the length and scope of Mr. McNeely's DOE employment, the DOL verified the dates above and the parties agree that such dates would at least constitute a minimum of Mr. McNeely's DOE employment. *See id.*; Docket No. 23 at 8-9; Docket No. 31 at 7, 14.

[5] *See* AR at 798.

[6] *See id* at 687, 1672-1704.

[7] *See id.* at 1678.

[8] *See id.* at 1672-1704; 1322-26; 687-690

[9] *See* AR at 633-648, 1219-21; AR Supp. at 10-13.

2
Case No. 5:13-cv-03484-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

While one of her claims was pending before the DOL, Plaintiff requested an amendment to Mr. McNeely's employment records under the Privacy Act.[10] She sought to establish that Mr. McNeely had spent almost three more years in jobs covered by the EEOICPA than the record reflected.[11] Because the sources of Plaintiff's information were beyond those that the DOL is required to consider, the DOL denied this request.[12] Plaintiff appealed, and the Solicitor of Labor upheld the DOL's decision to deny amendment on December 20, 2013.[13]

Plaintiff then brought her case to federal court on July 29, 2013.[14] She asks the court to reverse the DOL's decisions regarding her benefit claims under the EEIOCPA. She also seeks amendment to the DOL's record of Mr. McNeely's employment and damages for alleged violations of the Privacy Act and the Freedom of Information Act.[15] Both parties now cross-move for summary judgment based on the administrative record.[16]

## II. LEGAL STANDARDS

**A. Standard For Reviewing the DOL's Decisions**

This court has the authority to review the DOL's denials of benefits under the Administrative Procedure Act.[17] Where the district court is reviewing an agency determination

---

[10] *See* AR at 625-24.

[11] *See id.*

[12] *See id.* at 578-79.

[13] *See* AR Supp. at 1-3.

[14] *See* Docket No. 1.

[15] *See generally* Docket Nos. 23, 30.

[16] *See* Docket Nos. 30, 31.

[17] *See* 5 U.S.C. §§ 704, 706(2)(A).

3
Case No. 5:13-cv-03484-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

under the APA,[18] the scope of the court's review is "confined to the administrative record" and the court generally does not engage in fact finding.[19]

Under the APA, the court must "hold unlawful and set aside" any agency action it finds to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."[20] The arbitrary and capricious standard is highly deferential, requiring the court to affirm administrative decisions so long as the agency articulates a rational connection between the facts found and decisions made.[21]   The court grants particular deference if the challenged administrative decision required a heightened degree of technical expertise.[22]

Summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure is appropriate where "there is no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law."  As there are no disputes of material fact, summary judgment is appropriate for resolution of this case.

### 1. Standard For Part B Benefits

To recover benefits under Part B of the EEOICPA, "[t]he claimant bears the burden of proving by a preponderance of the evidence the existence of each . . . criterion necessary to establish eligibility."[23]  One such criterion is that DOE employment caused the employees illness.[24]

---

[18] 5 U.S.C. § 706.

[19] *Sierra Forest Legacy v. U.S. Forest Serv.*, 652 F. Supp. 2d 1065, 1074 (N.D. Cal. 2009).

[20] 5 U.S.C. § 706.

[21] *Kern County Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006)(internal quotations and citations omitted).

[22] *See Arizona Cattle Growers' Ass'n v. U.S. Fish and Wildlife, Bureau of Land Management*, 273 F.3d 1229, 1236 (9th Cir. 2001) (citing *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 377 (1989)).

[23] 20 C.F.R. § 30.111(a); *see also* 42 U.S.C. § 7384n(b); *Harger v. Dep't of Labor*, 569 F.3d 898, 901 (9th Cir. 2009) (describing the administrative process for determining Part B benefit eligibility).

Causation is presumed if the employee is member of a Special Exposure Cohort.  To qualify as a member of an SEC, the claimant must provide proof of (1) at least 250 days of employment in covered facilities or classes, and (2) diagnosis of a specified cancer.[25]  The DOL may require a claimant to provide specific medical records to substantiate the diagnosis of the specified cancer.[26]

If the employee does not qualify for SEC membership, causation may still be established.  The Department of Health and Human Services has set forth guidelines for calculating the probability of causation if an employee is not an SEC member.[27]  According to the guidelines, a software program calculates the probability using information like the dose-response relationship and the claimant's radiation exposure.[28]  The calculation requires a reasonable estimate of the radiation dose that the claimant received.[29]  This estimate comes from a dose reconstruction done by the National Institute for Occupational Safety and Health.[30]  A dose reconstruction characterizes the radiation environment to which an employee was exposed and translates the exposure into quantified radiation doses.[31]  NIOSH uses a hierarchy of methods to do this, using data like results

---

[24] *See* 42 U.S.C. §§ 7384, 7384d.  Part B coverage extends to DOE employees, contractors, and subcontractors.  *See id.*

[25] *See* 42 C.F.R. §§ 83.0, 73841(14); 20 C.F.R. § 30.5(ff) (listing specified cancers).

[26] *See* 20 C.F.R. § 30.113.  Such records "may include physician's reports, laboratory reports, hospital records, death certificates, x-rays . . . and other medical records." 20 C.F.R. § 30.114(a). The DOL evaluates any evidence that a claimant provides "in accordance with recognized and accepted diagnostic criteria used by physicians to determine whether the claimant has established the medical condition for which compensation is sought in accordance with the requirements of the Act." 20 C.F.R. § 30.114(c).

[27] *See* 42 C.F.R. § 81.0 et seq. (2006); 42 U.S.C. § 7384n(c)(1).

[28] *See* 42 C.F.R. §§ 81.4(g), 81.20.

[29] *See id.* § 81.6.

[30] *See id.* §§ 81.6, 82.1.

[31] *See id.* § 82.2.

from group monitoring only when data like the claimant's dosimetry records-recorded measures of exposure to radiation-are unavailable or inadequate.[32] The data may come from any relevant source, including the DOE, interviews with the claimant, and NIOSH's records.[33] NIOSH uses reasonable scientific assumptions and default values when necessary.[34]

### 2. Standards For Part E Benefits

EEOICPA Part E sets a higher bar for survivor benefit claimants than Part B.[35] Of particular relevance to this action, if the DOL denies a Part E claim, the claimant has only 60 days from the administrative agency's final decision to seek judicial review in the United States district court.[36] If a claimant files suit seeking review after the 60-day period, the district court must dismiss the suit for lack of jurisdiction.[37]

---

[32] *See id.*

[33] *See* 42 C.F.R. §§ 82.10, 82.13.

[34] *See id.* §§ 82.2, 82.10(i).

[35] *See* 42 U.S.C. §§ 7385s, 7385s-1, 7385s-2.

[36] 42 U.S.C. § 7385s-6(a). Upon a recommended decision by the DOL that the claimant is ineligible for Part E benefits, the claimant has 60 days to object and request a hearing. *See* 20 C.F.R. § 30.310(a). If the claimant does not timely object, the FAB may accept and make final the recommended decision, at which point the claimant has 30 days to request reopening of the decision. *See id.* at §§ 30.316(a), 30.319(a). If the claimant requests reopening, but the DOL denies that request, the FAB's decision denying benefits becomes final on the date of reopening denial. See 20 C.F.R. § 30.319(c)(2).

[37] *See Smith v. Dep't of Labor*, 928 F. Supp. 2d 1236, 1243 (D. Nev. 2012) ("Though denying the opportunity for judicial review may seem harsh, failure to timely file [a] petition defeats jurisdiction") (quoting *Barrie v. U.S. Dep't of Labor*, 2011 WL 3625076 (D. Colo. 2011)); *see also Bowles v. Russell*, 551 U.S. 205, 212-13 (quoting *United States v. Curry*, 6 How. 106, 113, 12 L.Ed. 363 (1848)).

### B. Standard For Reviewing Privacy Act And Freedom Of Information Act Claims

This court undertakes a *de novo* review of administrative decisions denying relief under both the Privacy Act and the Freedom of Information Act.[38] However, as with other administrative actions, a claimant is required to exhaust his or her administrative remedies before initiating an action in federal court.[39]

### III. DISCUSSION

### A.   The DOL's Denials of Plaintiff's Claims Were Neither Arbitrary Nor Capricious

Although Plaintiff's prayer for relief indicates that she seeks relief from all decisions rendered against her by the DOL,[40] the operative complaint only raises substantive arguments regarding the Part B claims.[41] Plaintiff argues that those decisions were arbitrary and capricious for two reasons: (1) the DOL failed to recognize that Mr. McNeely qualified as an SEC member based on his qualifying cancers;[42] and (2) the DOL failed to properly calculate the probability that Mr. McNeely's workplace radiation exposure caused his cancer.[43] In response, Defendants point out that each denial under Part B was tied to specific evidence in the record, or lack thereof.[44] As for the Part E claim, Defendants argue that even if Plaintiff had raised appropriate, substantive

---

[38] *See* 5 U.S.C. §§ 552a(g)(1)-(g)(2)(A) (providing for judicial review and *de novo* standard for Privacy Act amendment claims); § 552(a)(4)(B) (providing for judicial review and *de novo* standard for FOIA claims).

[39] *See* 5 U.S.C. § 552(a)(1-3), (a)(4)(B) (requiring exhaustion in FOIA claims). In the context of a Privacy Act claim seeking amendment of DOL records, a final decision from the Solicitor of Labor denying an amendment request constitutes exhaustion. *See* 5 U.S.C. § 552a(g)(1)(A); *see also Hewitt v. Grabicki*, 794 F.2d 1373, 1377-78 (9th Cir. 1986). Actions for damages under the Privacy Act, however, do not require exhaustion. *Hewitt*, 794 F.2d at 1379.

[40] *See* Docket No. 23 at 11.

[41] *See id.* at 13-14.

[42] *See id.*

[43] *Id.*

[44] *See* Docket Nos. 31, 34, 35.

7
Case No. 5:13-cv-03484-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

arguments about the denial of benefits, the court lacks jurisdiction to consider the issue based on Plaintiff's failure to timely file suit.[45] As explained below, Defendants have the better of each argument.

### 1. The Court Lacks Jurisdiction to Consider Plaintiff's Part E Claim

Turning first to the jurisdictional question, Defendants are correct that this court cannot consider Plaintiff's appeal of her Part E claim. Part E of the EEOICPA contains a firm 60-day statute of limitations for seeking judicial review that runs from the date that the DOL issues a final decision denying benefits.[46] In this case, the DOL issued its final decision on Plaintiff's Part E claim on March 3, 2012.[47] Plaintiff did not file this action until July 29, 2013, well after the 60-day period.[48] On this ground alone, summary judgment for Defendants is warranted on Plaintiff's Part E appeal.[49]

### 2. The DOL's Determination That Plaintiff Failed to Establish a Specified Cancer Diagnosis Was Neither Arbitrary Nor Capricious

Moving on to Plaintiff's Part B claims, Plaintiff first argues that the DOL's decision not to consider evidence she provided of Mr. McNeely's alleged diagnoses—notes taken by Mr. McNeely's spouse—was arbitrary and capricious.[50] However, the DOL did not simply disregard

---

[45] *See* Docket No. 31 at 17.

[46] *See* 42 U.S.C. § 7385s-6(a); *Smith*, 928 F. Supp. 2d at 1243.

[47] *See* AR at 542-44; 20 C.F.R. § 30.319(c)(2).

[48] *See* Docket No. 1.

[49] Even if the court could permissibly reach the merits of Plaintiff's claim, her papers fail to raise any substantive arguments indicating an arbitrary and capricious error. *See* Docket Nos. 23, 30, 33, 36. Although Plaintiff argues that Mr. McNeely's alleged employment and medical conditions qualify her for recovery under Part E, the DOL denied her claim because she was unable to satisfy the threshold question of eligibility as a covered child. *See* Docket No. 30; AR at 1217 (denying Plaintiff's Part E claim because she "does not meet the statutory definition of an eligible survivor . . . under Part E").

[50] *See* Docket No. 30 at 2-3.

8
Case No. 5:13-cv-03484-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

the evidence in question; rather, it considered the evidence but found that the notes did not constitute acceptable medical evidence.[51] Furthermore, it sent Plaintiff a number of requests for specific, additional medical evidence to substantiate her claims, yet Plaintiff failed to provide the requested items.[52] As the EEOICPA regulations both define the types of medical evidence sufficient to substantiate a claim and grant the DOL authority to request additional evidence,[53] the DOL's adherence to these regulations was neither arbitrary nor capricious. Its decision not to consider the notes from Mr. McNeely's spouse must stand.[54]

### 3. Plaintiff Has Not Shown That the DOL's Probability of Causation Calculation Contained Any Arbitrary or Capricious Errors

Plaintiff alleges two potential errors related to the NIOSH dose reconstruction and the DOL's resulting probability of causation calculation, each focused on a single factor which—if her view prevailed—might have changed the DOL's decision.[55] Mere speculative errors, however, do

---

[51] *See* AR at 643-44 ("[T]he [DOL] finds that these letters and journal entries were not written by medical providers, are not equivalent to medical evidence . . . and do not meet the requirements of the regulations at [20 C.F.R. § 30.111(a)]"); AR Supp. at 11 ("In response to [the DOL's requests for medical evidence] the claimant submitted multiple letters and other documents; however, none of them established that the employee was diagnosed with the . . . claimed conditions").

[52] *See* AR at 79-89; AR Supp. at 11.

[53] *See* 20 C.F.R. §§ 30.113 (providing requirements for medical and other records), 30.114(a) (providing standards for medical evidence to establish medical condition), 30.114(c) (providing that the DOL "will evaluate the medical evidence in accordance with recognized and accepted diagnostic criteria").

[54] *See Smith v. U.S. Dep't of Labor*, 928 F. Supp. 2d 1236, 1243 (D. Nev. 2012); 20 C.F.R. §§ 30.113, 30.114(a), 30.114(c).

[55] Specifically, (1) the DOL should have presumed a 95% likelihood that Mr. McNeely's DOE employment caused his cancer; (2) Plaintiff provided additional employment evidence that would have produced a higher probability of causation if considered. *See* Docket Nos. 23, 30, 33, 36. Plaintiff provides no legal authority to support her request for a 95% presumption of causation. Plaintiff seems to further argue that the DOL erred, arbitrarily and capriciously, in declining to remand her claim for analysis under new NIOSH regulations. *See* Docket No. 23 at 14. However, as the appellate board did remand her claim for precisely that reason. *See* AR at 635. Plaintiff's claim could be construed to request a further remand based on NIOSH's "Hanford TBD Revision," *see* Docket No. 23-5, but again, the record indicates that the DOL already accepted that Mr.

not justify reversal under the APA. The court reviews for arbitrary and capricious decisions; it does not undertake *de novo* review of the DOL's decisions. To justify reversal, Plaintiff must show that the DOL did not rationally connect its decisions to the facts before it.[56] Here, the DOL followed standard EEOICPA protocol in arriving at the contested probability of causation.[57] Furthermore, the court recognizes the highly technical nature of this issue and therefore recognizes a heightened degree of deference to the DOL's probability of causation calculation.[58] Accordingly, Plaintiff has not shown that the DOL's denials of her Part B claims were arbitrary or capricious, and the court grants Defendants' motion for summary judgment on Plaintiff's Part B claims.

## C. The Privacy Act Does Not Afford Plaintiff Relief

Although Plaintiff's requested relief under the Privacy Act is somewhat cryptic, the court gleans from Plaintiff's papers that she is seeking to amend the DOL's record of Mr. McNeely's employment, enjoin the DOL from making further statements which she regards as incorrect, and for unspecified damages.[59] Plaintiff's requested amendments would apparently change the DOL's designation of the Washington Public Power Supply System from a public utility consortium to a DOE facility so that Mr. McNeely's employment at that site would be covered under the

---

McNeely worked at the relevant site during the relevant time frame and considered that in its calculation. *See* AR at 19. The court therefore is at a loss to identify any of the alleged errors.

[56] *See* 5 U.S.C. § 704; *Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife*, 273 F.3d 1229, 1235 (9th Cir. 2001); *Smith* 928 F. Supp. 2d at 1241 (rejecting argument that standard of review applicable to Part B claim was *de novo*).

[57] *See* AR at 636; 20 C.F.R. § 30.115.

[58] *See Arizona Cattle Growers' Ass'n v. U.S. Fish and Wildlife, Bureau of Land Management*, 273 F.3d 1229, 1236 (9th Cir. 2001) (citing *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 377 (1989)); *Willingham v. Dep't of Labor*, 475 F. Supp. 2d 607, 612 (N.D. Tex. 2007) (upholding DOL decision denying Part B benefits where probability of causation was less than 50%).

[59] *See* Docket Nos. 23 at 14, 30 at 6.

10
Case No. 5:13-cv-03484-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EEOICPA.[60] Furthermore, Plaintiff contends that this error caused damages in the form of "severe hardship . . . damage to [Mr. McNeely's] reputation . . . and the denial of access to justice for the worker and his survivors."[61]

On December 20, 2013, the Solicitor of Labor upheld the DOL's denial of Plaintiff's requested amendment on the grounds that such amendment would not correct factual or historical errors in Mr. McNeely's employment record.[62] Reviewing *de novo* the SOL's decision, the court may only order amendment to the record to correct such errors, not legal judgments by government agencies.[63] Here, Plaintiff attempts to do just that—alter the DOL's judgment that Mr. McNeely's WPPSS employment does not qualify as EEOICPA covered.[64] Indeed, this assertion is substantially identical to Plaintiff's challenge to the DOL's denial of her Part B claim; as such, the proposed amendment would impermissibly amount to a collateral attack on an unfavorable agency decision.[65] The court does not find any factual or historical errors in the record that warrant amendment and therefore upholds the SOL's decision and denies Plaintiff's requested amendment and injunction. Inherent in this holding is that the DOL did not violate the Privacy Act in refusing

---

[60] *See* Docket No. 23 at 10-11.

[61] Docket No. 30 at 6.

[62] *See* AR Supp. at 1-3. Given that Plaintiff only obtained a final decision from the SOL on her September 12, 2011 amendment request, the court may only review that decision; her additional amendment requests, originally submitted in November, 2012, and February, 2013, are not ripe for judicial review. *See* 5 U.S.C. § 522a(g)(1)(A); *Hewitt v. Grabicki*, 794 F.2d 1373, 1377-78 (9th Cir. 1986).

[63] *See Rogers v. U.S. Dep't of Labor*, 607 F.Supp. 697, 699 (N.D. Cal. 1985) (citing *Blevins v. Plummer*, 613 F.2d 767, 768 (9th Cir. 1980)).

[64] *See* Docket no. 23 at 10-11.

[65] *See Rogers*, 607 F.Supp. at 699 (Privacy Act amendment "may not be employed as a skeleton key for reopening consideration of unfavorable federal agency decisions").

11
Case No. 5:13-cv-03484-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

to amend the record and therefore the court must also deny Plaintiff damages under the Privacy Act.[66] Defendants are entitled to summary judgment on this issue.

### D. The Freedom of Information Act Does Not Afford Plaintiff Relief

Plaintiff refers to the Privacy Act and FOIA in tandem and requests the same relief here as she did under her Privacy Act theory: amendment, injunction, and damages.[67] In response, Defendants argue that the court lacks subject matter jurisdiction over Plaintiff's FOIA claim because she did not request records under FOIA from the DOL and therefore has not exhausted available administrative remedies.[68]

Before bringing an action in this court under FOIA, Plaintiff must request records from the DOL under FOIA and have that request improperly denied.[69] Although the record before the court indicates that Plaintiff requested documents from the DOE and Social Security Administration under FOIA, nothing in the record shows that she made such a request from the DOL.[70] Plaintiff thus has not exhausted her administrative remedies and the court must grant summary judgment to Defendants on Plaintiff's FOIA claims.[71]

### IV. CONCLUSION

McNeely's motion for summary judgment is DENIED, and the DOL's motion for summary judgment is GRANTED. The Clerk shall close the file.

---

[66] *See* 5 U.S.C. § 552a(g)(4).

[67] *See* Docket No. 23 at 14-15; Docket No. 30 at 6.

[68] *See* Docket No. 31 at 20.

[69] *See* 5 U.S.C. §§ 552(a)(1-3), (a)(4)(B); *In re Steele*, 799 F.2d 461, 466-67 (9th Cir. 1986).

[70] *See* AR at 927, 1476. Although the court notes that Plaintiff's Privacy Act requests mention FOIA, those requests were not for the disclosure of records but for amendment, which is not available under FOIA's provisions. *See* AR at 30-33; 5 U.S.C. § 552.

[71] *See* 5 U.S.C. §§ 552(a)(1-3), (a)(4)(B); *In re Steele*, 799 F.2d at 466-67.

12
Case No. 5:13-cv-03484-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**IT IS SO ORDERED.**

Dated: July 8, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:13-cv-03484-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT